IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JANESE MASSEY  PLAINTIFF
*on behalf of*
J.F., A MINOR

vs.  Civil No. 1:11-cv-01056

MICHAEL J. ASTRUE  DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Janese Massey ("Plaintiff") brings this action on behalf of J.F., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying J.F.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends this case be **AFFIRMED.**

**1.  Background:**

Plaintiff protectively filed an SSI application on behalf of J.F. on December 8, 2008. (Tr. 11, 113-115). Plaintiff alleged J.F. was disabled due to a speech delay. (Tr. 128). Plaintiff alleged J.F.'s onset date was November 8, 2008. *Id.* This application was denied initially and again upon reconsideration. (Tr. 33-38). Thereafter, Plaintiff requested an administrative hearing on J.F.'s application, and this hearing request was granted. (Tr. 39-62). An administrative hearing was held on July 29, 2010 in Little Rock, Arkansas. (Tr. 26-32). Plaintiff was present but was not represented

1

by counsel at this hearing. *Id.* Only Plaintiff testified at this hearing. *Id.*

On October 27, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of J.F. (Tr. 11-22). In this decision, the ALJ determined J.F. was a preschooler on the date the application was filed and was a school-aged child as of the ALJ's decision date. (Tr. 14, Finding 1). The ALJ determined J.F. was a child and had not engaged in Substantial Gainful Activity ("SGA") since the application date of December 8, 2008. (Tr. 14, Finding 2). The ALJ determined J.F. had the following severe impairments: speech and articulation delay. (Tr. 14, Finding 3). The ALJ also determined, however, that none of J.F.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 14-22, Findings 4-5).

In assessing whether J.F.'s impairments were functionally equivalent to a Listing, the ALJ assessed six domains of functioning. (Tr. 14-22, Finding 5). Specifically, the ALJ determined J.F. had the following limitations in six domains of functioning: (1) no limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) less than a marked limitation interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in caring for himself; and (6) no limitation in health and physical well-being. *Id.* Based upon this finding, the ALJ found J.F. had not been disabled, as defined by the Act, since his application date of December 8, 2008. (Tr. 22, Finding 6).

Thereafter, on November 18, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 111-112). On September 8, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On September 16, 2011, Plaintiff filed the present appeal *pro se*. ECF No. 1.

This Court entered a scheduling order in this case on December 29, 2011. In this scheduling order, Plaintiff was notified that briefing was due by January 30, 2012. Despite this scheduling order, Plaintiff has not submitted any briefing. However, even though Plaintiff failed to timely submit a brief in this matter, this Court finds that under the circumstances of this case, no briefing is necessary. Accordingly, this case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood

disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2011, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.    Discussion:**

In a child disability case, the primary issue is whether that child's impairments are functionally equivalent to a disability listing. In the present action, the ALJ evaluated each of J.F.'s six domains; and based upon that evaluation, he found J.F. was not disabled. Thus, to determine whether the ALJ's decision on this issue is supported by substantial evidence in the record, this Court must evaluate each of the six domains of functioning to determine whether the ALJ properly assessed those domains and properly determined J.F. was not disabled. These six domains are as

follows: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being.  This Court will address each of these.

### A. Acquiring and Using Information

Acquiring and using information concerns how well a child is able to acquire or learn information and how well a child uses the information he has learned.  *See* 20 C.F.R. § 416.926a(g).  This domain involves how well a child perceives, thinks about, remembers, and uses information in all settings, which includes daily activities at home, at school, and in the community.  *See id.*

In the present action, the ALJ found J.F. had no limitation in acquiring and using information.  (Tr. 17).  Based upon a review of the record, this finding is supported by substantial evidence.  As an initial matter, Plaintiff described J.F. as "intelligent" at the administrative hearing.[1]  (Tr. 31).  J.F. attends school in a regular education classroom, not a special education classroom.  (Tr. 185).  There is no indication J.F. has a limitation in this domain of functioning.[2]  Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### B. Attending and Completing Tasks

This domain considers how well a child is able to focus and maintain attention and how well he is able to begin, carry through, and finish activities, including the mental pace at which he performs activities and the ease of changing activities.  *See* 20 C.F.R. § 416.926a(h).  Attending and completing tasks also refers to a child's ability to avoid impulsive thinking and his ability to

---

[1] Plaintiff also characterized J.F. as "very intelligent" in her report on February 18, 2009.  (Tr. 141).

[2] J.F.'s speech-language pathologist completed a survey in this case and reported J.F. had a marked limitation in this domain of functioning.  (Tr. 197).  Based upon her report, however, it appears she was referring to his speech impairment: J.F. talks "only in short, simple sentences" and has difficulty explaining what he means.  *Id.*  It appears she was not referring to J.F.'s ability to acquire and use information or his level of intelligence.  Accordingly, this Court finds that finding is not persuasive.  Further, as explained in detail below, this report was also completed in a checklist format and is not persuasive for that reason as well.

prioritize competing tasks and managing his time. *See id.*

In this case, the ALJ found J.F. had no limitation in attending and completing tasks. (Tr. 18). Based upon a review of the record, this finding is supported by substantial evidence. During his speech-language therapy evaluation, J.F. reportedly "demonstrated good attention to task." (Tr. 179). Further, in a report dated December 23, 2008, Plaintiff stated J.F. had no limitation in his ability to "pay attention and stick with a task." (Tr. 122). There is no indication J.F. has a limitation in this domain of functioning. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### C. Interacting and Relating with Others

This domain of functioning considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. *See* 20 C.F.R. § 416.926a(i). Interacting and relating with others relates to all aspects of social interaction at home, at school, and in the community. *See id.* Because communication is essential to both interacting and relating, this domain considers speech and language skills children need to speak intelligently and to understand and use the language of their community. *See id.*

In this case, the ALJ found J.F. had less than a marked limitation in this domain of functioning. (Tr. 19). Based upon a review of the record, this finding is supported by substantial evidence. J.F. has been diagnosed with a speech impairment.[3] (Tr. 179, 207-208). Plaintiff claims J.F.'s speech impairment impacts his ability to communicate and interact with others. (Tr. 179).

---

[3] Plaintiff claims this speech impairment is severe, but there is at least some dispute as to the severity of this speech impairment. During his "Speech/Language Evaluation" for the first grade, J.F. was only found to have a relatively mild speech impairment. Notably, J.F. exhibited "normal voice, articulation and language skills," but test results only indicated he had a "mild fluency disorder." (Tr. 204-205). For the sake of argument, this Court presumes this speech impairment is as severe as Plaintiff alleges.

7

Despite this claim, J.F.'s father reported that J.F. "plays well with others." (Tr. 162). His father also noted that, despite his speech impairment, he is able to understand J.F. "70% of the time" while those unfamiliar with J.F. are still able to understand him "40% of the time." *Id.* His father further reported that J.F. is a "friendly child who will warm up to someone once he gets to know them." *Id.* Likewise, even Plaintiff reported that J.F. enjoys being with other children the same age, shows affection toward other children, is affectionate towards parents, shares toys, and plays board games (like checkers or candyland). Upon review of the transcript in this action, there is no credible evidence in the record establishing J.F. has a marked limitation in this domain of functioning due to this speech impairment.[4] Based upon this evidence, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### D.   Moving About and Manipulating Objects

This domain considers how well a child is able to move his body from one place to another and how a child moves and manipulates objects. *See* 20 C.F.R. § 416.926a(j). These activities may require gross motor skills, fine motor skills, or a combination of both. *See id.* Limitations in this domain can be associated with musculoskeletal and neurological impairments, other physical impairments, medications or treatments, or mental impairments. *See id.*

In this case, the ALJ found J.F. had no limitation in moving about and manipulating objects. (Tr. 20). Based upon a review of the record, this finding is supported by substantial evidence. Indeed, Plaintiff even reported that J.F. can catch a large ball (like a beach ball); ride a big wheel, tricycle, or bike with training wheels; wind up a toy; print at least some letters; copy first name; and

---

[4] It should be noted that J.F.'s speech-language pathologist found he had a marked limitation in this domain. (Tr. 199). However, her findings were included as a part of a checklist form; and with a simple checklist form, it is impossible to determine her reasoning behind this finding. Thus, this Court finds the ALJ properly discounted this finding.

8

use scissors fairly well. (Tr. 121). There is no indication in the transcript that J.F. has a limitation in this domain. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### E.    Caring for Himself

This domain considers how well a child maintains a healthy emotional and physical state, including how well a child satisfies his physical and emotional wants and needs in appropriate ways. *See* 20 C.F.R. § 416.926a(k). This includes how the child copes with stress and changes in the environment and how well the child takes care of his own health, possessions, and living area. *See id.*

In this case, the ALJ found J.F. had no limitation in his ability to care for himself. (Tr. 21). Based upon a review of the record, this finding is supported by substantial evidence. Plaintiff reported J.F. "usually control bowels and bladder during the day," "eats using a fork or spoon by self," "dresses with help," and "brushes teeth with help." (Tr. 122). There is no indication in the transcript that J.F. has a limitation in this domain. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### F.    Health and Physical Well-Being

This domain considers the cumulative physical effects of physical and mental impairments and any associated treatments or therapies on a child's health and functioning that were not considered in the evaluation of the child's ability to move about and manipulate objects. *See* 20 C.F.R. § 416.9292a(l). Unlike the other five domains of functional equivalence, which address a child's abilities, this domain does not address typical development and functioning. *See id.* The "Health and Physical Well-Being" domain addresses how recurrent illness, the side effects of medication, and the need for ongoing treatment affect the child's health and sense of physical well-

being. *See id.*

In this case, the ALJ found J.F. had no limitation in his health and physical well-being. (Tr. 22). Based upon a review of the record, this finding is supported by substantial evidence. During his most recent check-up with his physician on February 28, 2011, J.F. reported having no physical problems, apart from his speech impairment. (Tr. 207-208). During that appointment, even this speech impairment was described as only being "mild." There are no other medical treatment records included in the transcript. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

4.	**Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of J.F., is supported by substantial evidence and should be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 14th day of September 2012.

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE